IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALMA EHSANUDDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-708 |
| ) | |
| WOLPOFF & ABRAMSON, ) | Chief Judge Ambrose |
| ) | Magistrate Judge Hay |
| Defendant. ) | |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the motion to dismiss submitted on behalf of defendant (Dkt. No. 6) be denied.

II.   REPORT

Plaintiff, Salma Ehsanuddin ("Ehsanuddin"), filed a complaint against Wolpoff & Abramson, L.L.P., ("W&A"), on May 30, 2006, bringing two claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff alleges that W&A filed a lawsuit against her that was barred by a four year statute of limitations and, thus, legally unenforceable. As such, plaintiff contends that W&A made a false representation as to "the character, amount or legal status" of the debt and engaged in an "unfair or unconscionable" means to collect the debt in violation of the FDCPA.

Presently before the Court is defendant's motion to dismiss in which it argues that the filing of a lawsuit in an attempt to collect a debt allegedly barred by the statute of limitations does not give rise to a cause of action under the FDCPA.

In reviewing a motion to dismiss under Rule 12(b)(6), all well pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-

movant. Brader v. Allegheny General Hospital, 64 F.3d 869, 873 (3d Cir. 1995); Scrob v. Patterson, 948 F.2d 1402, 1405 (3d Cir. 1991). The Court is not, however, required to accept as true unsupported conclusions and unwarranted inferences. Schuylkill Energy Resources v. PP&L, 113 F.3d 405, 417 (3d Cir. 1997). Thus, "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion to dismiss is properly granted. Haines v. Kerner, 404 U.S. 519, 520-21 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will prevail in the end but only whether he should be entitled to offer evidence in support of his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

It is undisputed that Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). To that end, the FDCPA prohibits debt collectors from, inter alia, falsely representing the "character, amount or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. See Freyermuth v. Credit Bureau Services, Inc., 248 F.3d 767, 771 (8th Cir. 2001); Aronson v. Commercial Financial Services, Inc., 1997 WL 1038818 *2 (W.D. Pa. Dec. 22, 1997). When evaluating whether the means employed by a debt collector run afoul of the FDCPA a court must view them from the perspective of the "least sophisticated consumer." Id. The test is an objective one thereby protecting the consumer who is "uninformed, naive, or trusting," while shielding compliant debt collectors from liability for "unrealistic or peculiar interpretations" of collection tactics. Canterbury v. Columbia Gas of Ohio, 2001 WL 1681132 *6 (S.D. Ohio Sept. 25, 2001), quoting Gammon v. GC Services Ltd Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). See Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991). Thus, the question that must be resolved is whether W&A's act of filing a lawsuit in an effort to collect the debt at

issue after the statute of limitations had run was unfair or unconscionable or whether the filing of a lawsuit would deceive or mislead the least sophisticated consumer. See Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) ("Kimber").

These precise questions were first addressed by the United States District Court for the Middle District of Alabama in Kimber.  Therein, noting that statutes of limitations are "not simply technicalities," but are an integral part of our judicial system reflecting a strong public policy that claims are to be brought within a reasonable period of time so as to protect defendants from having to defend cases in which evidence has been lost, the Court concluded, as has virtually every court to address the issue since, that "a debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt," and violates § 1692f.  Id. at 1487.  In so finding the Court opined that:

> time-barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy, and this is no less true in the consumer context.  As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt.  Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care -- that sufficient to protect the least sophisticated consumer.  Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits.  And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.

Id. at 1487.

Here, Ehsanuddin has alleged that her debt was subject to and barred by a four year statute of limitations and that W&A nevertheless filed suit to collect the debt knowing that it was not legally enforceable. Under Kimber, such acts are violative of § 1692f and plaintiff, therefore, has properly stated a claim. See Walker v. Cash Flow Consultants, Inc., 200 F.R.D. 613, 616 (N.D. Ill. 2001) ("[I]n order to survive a motion to dismiss, a defendant's attempt to collect on a time-barred debt must be accompanied by actual litigation or a threat, either explicit or implicit, of future litigation."); Canterbury v. Columbia Gas of Ohio, 2001 WL 1681132 * 8 (S.D. Ohio Sept. 25, 2001) (Finding that the plaintiff had properly stated a claim under § 1692f having alleged that the defendant threatened litigation in an attempt to collect on a time-barred debt.)

Similarly, the Kimber Court found that bringing suit to recover a debt that the debt collector knew was time barred is also fraudulent and, thus, violative of § 1692e(2)(A) as well. Kimber, 668 F. Supp. 1489. In so finding, the Court reasoned that the act of filing a lawsuit in order to recover a debt implies that the debt is viable and that recovery is proper and, thus, has the "tendency or capacity to deceive," when the debt is, in fact, time barred. Id., quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172 (11th Cir. 1985).

In the instant case, Ehsanuddin has asserted that W&A knew that the statute of limitations had run on Ehsanuddin's debt when it filed the lawsuit. Under Kimber, these facts, if proven, suggests that W&A acted fraudulently by implicitly representing to Ehsanuddin that the debt was viable and legally enforceable when, in fact, it was not. Thus, it appears that Ehsanuddin has properly stated a claim under § 1692e as well. Id. See Goins v. JBC & Associates, P.C., 352 F. Supp. 2d 262, 272 (D. Conn. 2005) ("As the statute of limitations would be a complete defense to any suit ... the threat to bring suit under such circumstances can at best be described as a "misleading" representation, in violation of § 1692e....").

4

W&A nevertheless argues that the filing of a suit after the statute of limitations has run cannot give rise to a cause of action under the FDCPA because under Pennsylvania law the statute of limitations is an affirmative defense that is considered waived if not raised by the defendant. Under such circumstances, W&A argues, the debt would be enforceable and precludes a finding that its tactics were unjust, unfair or fraudulent. According to W&A, to find otherwise would restrain attorneys from zealously pursuing their client's lawful claim.

W&A's argument, however, has not only been squarely rejected by Kimber and its progeny, but it appears to ignore the purpose of the FDCPA and the standard under which FDCPA claims are to be evaluated.

Indeed, the Kimber Court specifically found that:

> the propriety of bringing a lawsuit to which there appears to exist a complete defense, without first making a reasonable inquiry as to whether the defense is in fact not complete, has been discredited elsewhere. Rule 11 of the Federal Rules of Civil Procedure demands that an attorney conduct a reasonable investigation into whether a claim is well grounded in law and fact, and not inspired by an improper purpose, before signing a pleading. Sanctions against attorney and client under the rule have been imposed where the attorney knew or should have known a claim was time-barred. *Steinle v. Warren*, 765 F.2d 95 (7th Cir. 1985); *Van Berkel v. Fox Farm and Road Machinery*, 581 F. Supp. 1248 (D. Minn.1984). Further, the fact that a defense is affirmative has not relieved counsel of their Rule 11 responsibilities in other contexts. *See, e.g., Southern Leasing Partners, Ltd. v. Bludworth*, 109 F.R.D. 643 (S.D. Miss.1986) (suit barred by res judicata ); *Hasty v. Paccar, Inc.*, 583 F. Supp. 1577 (E.D. Mo.1984) (lack of personal jurisdiction.) In view of these holdings, [defendant's] argument that its attorney was ethically authorized to pursue the collections in case the debtors failed to raise the statute of limitations defense lacks authority.

Kimber, 668 F. Supp. at 1488.

Thus, regardless of the fact that the statute of limitations is a waivable defense in Pennsylvania, it does not relieve attorneys who are retained to recover debts from their responsibility of determining whether the debt is viable, or the claim grounded in law and fact,

5

before filing a lawsuit.  Because the statute of limitations, whether raised or not, constitutes a legal bar to the debtor's obligation to pay, under Kimber, any suit to collect a debt so barred not only flies in the face of Rule 11 but the FDCPA as well.  Id.  See Goins v. JBC & Associates, P.C., 352 F. Supp. 2d at 272 ("That the statute of limitations is an affirmative defense does not relieve defendants of their professional responsibility, when they do not dispute the applicability or viability of the defense.")

Indeed, to hold otherwise would permit a lawyer to pursue a claim against an unsophisticated consumer on a debt that the consumer no longer has a legal obligation to pay in the hopes that the consumer's inexperience and lack of expertise will cause him or her to overlook the limitations bar and waive the right to assert it.  This is precisely the type of deceptive practice that the FDCPA was designed to prohibit.  Kimber, 668 F. Supp. at 1488.  As the Court in Kimber reminds us :

> The vantage point from which [defendant's] threat should be viewed is not that of a lawyer or judge versed in law, but that [of] an unsophisticated consumer. As the Eleventh Circuit stated in *Jeter*,
>
>> That law was not "made for the protection of experts, but for the public-that vast multitude which includes the ignorant, the unthinking, and the credulous," *Florence Mfg. Co. v. J.D. Dowd & Co.*, 2 Cir., 178 F. 73, 75 [ (1910) ]; and the "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 [58 S.Ct. 113, 115, 82 L.Ed. 141 (1937)]....
>
> *Id.*, at 1172-73, quoting *Charles of the Ritz Distributors Corp. v. FTC*, 143 F.2d 676, 679 (2d Cir.1944).

Id. at 1489.  Thus, the fact that the statute of limitations defense could be waived by the unsuspecting consumer against whom a lawsuit is filed appears to present the precise situation

that the FDCPA was designed to thwart.  See Beattie v. D.M. Collections, Inc., 754 F. Supp. at 393 ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."); Canterbury v. Columbia Gas of Ohio, 2001 WL 1681132 * 7.[1]

In this manner, W&A's attempt to distinguish Kimber by arguing that Pennsylvania law permits recovery of a time barred debt since the statute of limitations is a waivable defense even if Alabama law does not, is unpersuasive.  Regardless of what the law is in Alabama or what specific law the Kimber Court applied (which is unclear from the opinion), the Court nevertheless thoroughly addressed whether an attorney was barred under the FDCPA from bringing suit to collect a time-barred debt where the statute of limitations was a waivable defense.  The Court therefore resolved the issue in accordance with Pennsylvania law and, thus, is instructive here.

Moreover, W&A's suggestion that Kimber runs afoul of Pennsylvania law is further refuted by the fact that the Commonwealth Court of Pennsylvania expressly adopted Kimber's reasoning and legal pronouncement in Commonwealth by Fisher v. Richard A. Cole,

---

[1] It should be noted here that the fact that the limitations period during which a lawsuit may be brought has lapsed, does not mean that the debt itself has been extinguished or that a debt collector is precluded from using means, other than judicial means, to collect the debt.  See Freyermuth v. Credit Bureau Services, Inc., 248 F.3d at 771(Finding that there was no violation under the FDCPA where debt collection notices did not threaten legal action and none was taken.); Aronson v. Commercial Financial Services, Inc., 1997 WL 1038818 at *3 (Finding that "the outstanding credit card account balances were debts regardless of whether the Pennsylvania statute of limitations precluded collection by judicial means," and that collection letters, which tracked the language proposed under the FDCPA and which did not threaten litigation, did not violate the statute.)  Indeed, as found by the Court in Wallace v. Capital One Bank, 168 F. Supp. 2d 526 (D. Md. 2001), "further contact between a debt collector and a debtor about a time-barred debt is not necessarily a representation that a debtor can sue on the debt" and, absent such a representation, merely sending a collection letter "is consistent with seeking nothing more than voluntary payment." Id. at 528.

7

M.D., Inc., 709 A.2d 994 (Pa. Commw. 1998), allocatur denied, 558 Pa. 611, 736 A.2d 606 (1999). There too, the plaintiff alleged that the defendant violated the law by filing lawsuits in order to collect debts that were barred by the applicable four year statute of limitations. Although the case was brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.2 -- Pennsylvania's version of the FDCPA -- the Court, relying on Kimber, found that prosecuting actions barred by the statute of limitations violated the law which, like the FDCPA, prohibits debt collectors from falsely representing the character and status of a debt in a legal proceeding or using any false representations to collect a debt. Id. at 995. As such, W&A's suggestion that Kimber is contrary to Pennsylvania law is without merit.[2]

Finally, W&A has made the novel argument that to the extent the FDCPA prohibits debt collection attorneys from suing to recover debts subject to a statute of limitations defense it violates the equal protection clause of the United States Constitution since attorneys handling other types of claims that are time barred are not prohibited from filing suit. As such, W&A argues that the FDCPA creates an arbitrary classification that is without a rational basis.

---

[2] In its reply brief, W&A also tries to distinguish Kimber and Cole by citing to the fact that in Kimber the defendant had filed over 200 law suits on time barred debts and in Cole the defendant had filed eight as compared to the single action at issue here. Notwithstanding that W&A failed to seek leave of Court to file its reply in contravention to the undersigned's Order on Motions Practice, nothing about the Kimber or Cole opinions suggests that the number of suits the defendant filed impacts the analysis. Nor does it appear that from the least sophisticated consumer's perspective the absence of other suits would render the filing a the suit against him or her any less unfair or misleading. In addition, W&A's reliance on Stinson v. Assets Acceptance, LLC, 2006 WL 1647134 (E.D. Va. 2006), as an example of a district court that declined to follow Kimber, appears to be improper as that opinion has since been vacated and, indeed, is no longer available on Westlaw. Moreover, the Court in Stinson did not reject the reasoning in Kimber but found that the facts before it were distinguishable in that Stinson had alleged that the limitations period had lapsed only one month before arbitration proceedings were initiated whereas, in Kimber, the evidence showed that the limitations period had run several years before a lawsuit was filed. Here, Ehsanuddin has alleged in the complaint that the four year limitations period within which to bring a lawsuit had expired at least several months before defendant instituted just such a suit against her and, thus, has properly stated a claim.

Other than to cite to Brian B. ex rel. Lois B. v. Pennsylvania Department of Education, 230 F.3d 582, 586 (3d Cir. 2000), cert. denied, 532 U.S. 972 (2001) ("Brian B."), for the general statement of the law regarding the rational basis test, however, W&A has not provided any authority or presented any legal analysis to support its position except to simply conclude that there is no conceivable justification for prohibiting an attorney who happens to collect debts from filing lawsuits when attorneys handling other types of claims are permitted to do so.

Moreover, the statement of the law set forth in Brian B. states in its entirety that:

> "[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relationship to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 ... (1996). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *Romer*, 517 U.S. at 632 .... Indeed, under rational basis review, legislation enjoys a presumption of validity, and the plaintiff must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational. *See Federal Communications Comm'n v. Beach Communications*, 508 U.S. 307, 314-15 ... (1993).

Id. at 586.  As well, the Court of Appeals for the Third Circuit has previously held that:

> [D]isparate treatment is not necessarily unlawful discrimination....
> [A]s long as Congress is not singling out a class we have recognized as suspect ... we tolerate some imperfections in the system....  [W]e hold that a statutory classification in the area of social welfare is consistent with the Equal Protection Clause if it is "rationally based and free from invidious discrimination." *Dandridge v. Williams*, 397 U.S. 471, 487 ... (1970).

Edelman v. Commissioner of Social Security, 83 F.3d 68, 72 (3d Cir. 1996).

Here, W&A has not addressed the rationality of the government's interest in eliminating unfair and deceptive debt collection practices in order to protect inexperienced and unsuspecting consumers and, thus, has not negated every possible justification for the alleged arbitrary classification.   In addition, W&A has not suggested how, as debt collectors, they have

9

been disadvantaged at all since it appears clear that the statute does not treat "debt collectors" -- those who appear to be targeted by the statute -- differently, nor does it treat debt collectors who are attorneys differently from other debt collectors.  Moreover, debt collectors, including those who are lawyers, are not prohibited from using means other than judicial means to collect debts and are not precluded from employing judicial means when the statute of limitations has not yet lapsed.  Under these circumstances, the fact that there are lawyers who are able to bring tort actions after the statute of limitations has run on those claims does not appear to suffice to show that the alleged classification complained of here is wholly irrational or invidiously discriminatory.

For these reasons, it is recommended that the motion to dismiss submitted on behalf of defendant (Dkt. No. 6) be denied.

Within ten (10) days of being served with a copy, any party may serve and file written objections to this Report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                    Respectfully submitted,

                    /s/   *Amy Reynolds Hay*
                    United States Magistrate Judge

Dated: 22 January, 2007.

cc:     Jeffrey L. Suher, Esquire
        4328 Old William Penn Highway
        Suite 2J
        Monroeville, PA 15146

        Ronald S. Canter, Esquire
        Wolpoff & Abramson
        702 King Farm Blvd
        Rockville, MD 20850